Jerome Kenneth MACK, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16903.

United States Court of Appeals
Eighth Circuit.

Oct. 31, 1962.

Alphonse J. Lynch, St. Louis, Mo., for appellant.

D. Jeff Lance, U. S. Atty., and John A. Newton, Asst. U. S. Atty., St. Louis, Mo., filed memorandum for appellee.

Before JOHNSEN, Chief Judge, and MATTHES and RIDGE, Circuit Judges.

PER CURIAM.

The appeal taken by appellant from the judgment of conviction and sentence against him was dismissed by us on March 6, 1962, for failure to prosecute. Now, seven months later, appellant has filed a motion to have us set aside our judgment of dismissal and reinstate the appeal.

Notice of appeal was filed on October 2, 1961, and the case was timely docketed in this court, with the attorney employed by appellant in the trial entering his appearance on our records as counsel for purposes of the appeal. No steps were thereafter taken to file record and briefs as required by our rules, nor was any extension of time sought in which to do so.

In this situation of default, and with appellant at liberty on bail, the government moved for dismissal of the appeal. Service of the motion was made on appellant's counsel, but no response thereto was filed. We accordingly granted the motion and dismissed the appeal. Mack v. United States, 8 Cir., 299 F.2d 939. Mandate was issued which directed appellant to surrender himself into custody within thirty days for execution of his sentence, and he so surrendered himself and entered upon service of the sentence.

The motion to have us now set aside the judgment of dismissal is without showing or assertion of any breach or dereliction of duty on the part of ap-

pellant's counsel, by which he was unknowingly prejudiced, and for which he ought not to have to bear the responsibility. An ambiguous statement is contained in the motion that "The apparent reason for such dismissal was said [sic] because petitioner did not have sufficient funds to retain his counsel". It may be inferred from this that appellant did not pay his counsel. But if he had been advised that nothing was being done as to the appeal, if he knew that a default was accordingly being allowed to occur, if he was informed of the government's motion to dismiss, and if he chose in this situation not to take any action in respect thereto, his motion to have us set aside our judgment does not have much appeal to the judicial conscience. Orderly administration was simply being engaged in by us, and no right of appellant was thereby being violated.

Further, within this aspect, appellant surrendered himself into custody and entered upon the service of his sentence without seeking during the thirty days granted for such surrender to have the court exercise its grace to relieve him from the consequence of the default, as it would be reasonable to suppose that he would have done if he then felt that an injustice was being perpetrated. No withdrawal or dismissal of counsel was ever made upon our records, so that at the time of our judgment appellant was entitled to be regarded as presumptively having knowledge and responsibility for what had occurred in respect to prosecution of the appeal.

Beyond this, appellant also would be chargeable with the consequence of his selected counsel's judgment and advice as to the course which was being taken, so long as such judgment and advice rested upon professional integrity and sense of responsibility and did not involve incompetence of such grossness as to produce a mockery of justice.

There is nothing in appellant's motion that entitles him to escape these principles. His desire, in prison atmosphere, to be permitted to change his mind and have the appeal reinstated and prosecuted does not require us to disturb the finality which was properly accorded to the situation from the course which his counsel and he chose at the time to take.

Motion to vacate judgment of dismissal denied.